IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM E. GRAVES JR. #328142 *
    Plaintiff,
  v. * CIVIL ACTION NO. DKC-09-2429

OFFICER S. ISEMINGER CO II *
    Defendant.
                        ***

## MEMORANDUM OPINION

### PROCEDURAL HISTORY

William E. Graves Jr. ("Graves") filed this 42 U.S.C. 1983 prisoner civil rights action seeking to press charges against Defendant for "assault & battery and intentional excessive force." The Complaint alleges that on the morning of February 1, 2009, Maryland Correctional Institution Officer Iseminger forcefully twisted Graves's arm around his back to "inappropriately" apply handcuffs. Graves complains that while doing so Iseminger "rammed his forearm into my head 'bussing' both upper & bottom lips & placed me into a 'sleeper hold' while Officer Co I J. Nalewak was attempting to place the right hand into cuffs." Paper No. 1.

Counsel for Defendant has filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (*see* Paper No. 12), which shall be treated as a motion for summary judgment. The dispositive motion remains unopposed as of the within signature date.[1] No hearing is necessary to rule on the motion. *See* Local Rule 105.6 (D. Md. 2010).

### STANDARD OF REVIEW

Fed. R. Civ. P. 56(c)(2) provides that summary judgment:

> should be rendered if the pleadings, the discovery and disclosure
> materials on file, and any affidavits show that there is no genuine

---

[1] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on June 21, 2010, the court notified Graves that: Defendant had filed a dispositive motion; he was entitled to file opposition materials; and his failure to file an opposition or to show a genuine dispute of material fact would result in the dismissal of his case. Paper No. 13. No responsive pleadings have been filed by Graves.

issue as to any material fact and that the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## ANALYSIS

The Complaint alleges that on February 1, 2009, Defendant forcefully twisted Graves' arm around his back, rammed his forearm into the back of Graves's head, injuring his upper and lower

lip, and placed Graves into a "sleeper hold"[2] while another officer attempted to handcuff his right hand.

According to the unopposed brief and exhibits presented to the court, on the date and time in question Graves and other MCIH inmates were returning to their cells after lunch. An inmate was verbally threatening Officer Kelly Mills and Mills requested that Iseminger ask for that inmate's identification. Paper No. 12, Ex. A. Graves intervened and interrupted Iseminger's conversation with the inmate, telling the inmate that Iseminger's actions were unjustified. Iseminger then asked Graves for his identification card to "identify what connection he had to the inmate I was questioning," with the intention of gaining information and patting him down. *Id*., Ex. B at Iseminger Decl. When Graves refused to give his identification card to Iseminger he was ordered to turn around and place his hands behind his back to be handcuffed.

The incident escalated. Graves failed to comply with Iseminger's order and Iseminger attempted to place Graves's left arm behind his back to be handcuffed. Graves struggled and attempted to pull away, so Iseminger pressed him "tighter" against the wall to get him under control as there was only one officer in the immediate area to assist him and there were a number of inmates nearby. Iseminger affirms that Graves then turned around and struck him in the right side of the face with his right fist. *Id*., Ex. B at Iseminger Decl. Iseminger attempted to place him into a head lock and take him to the ground to gain control. With the officer's right arm around Graves's head, they both fell to the ground.

The incident was witnessed by three officers, two of whom called a signal 13 for assistance. Two officers assisted Iseminger in taking Graves to the ground. Graves continued to resist and

---

[2] A sleeper hold is a wrestling move involving the grabbing and wrapping of a party's arm around their neck while additional pressure is applied to the neck and head so as to immobilize a person's upper torso while taking him down to the ground.

3

would not place his hands behind his back. Although an MCIH sergeant applied a short burst of pepper spray to Graves's face, he continued to refuse to comply with orders, and a second short burst of pepper spray was applied. The officers were then able to handcuff Graves. Paper No. 12, Ex. A. Additional officers assisted in carrying Graves to a holding cell. Graves continued to resist the officers even after he was handcuffed. According the record, at least two officers were needed to restrain and handcuff Graves and at least four officers were needed to carry him to the holding cell.

As a result of the incident, Graves was treated at MCIH for a "superficial laceration" on the center of his bottom lip, a small 2–3 cm. abrasion on his left hand, and the effects of pepper spray. Iseminger suffered a bruise to the right side of his face, an abrasion to his upper arm, and an injured shoulder. *Id*. He was treated at Washington County Hospital and required anti-inflammatory and antibiotic salve medications.[3]

Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992). This court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *See Whitley v.*

---

[3] Institution review into the incident found that the "spontaneous" amount of force used was appropriate given the circumstances. As a result of the investigation by the Department of Public Safety and Correctional Services, Graves was charged with second-degree assault against Iseminger, pled guilty, and received a two-year sentence, to be served consecutive to the previous sentences he was serving. Paper No. 12, Ex. C.

*Albers*, 475 U. S. 312, 321 (1986). The absence of significant injury alone is not dispositive of a claim of excessive force. *See Wilkens v. Gaddy*, 130 S. Ct. 1175, 1178-1179 (2010) (holding the core judicial inquiry when a prisoner alleges excessive force is not whether a certain quantum of injury was sustained, but rather whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm). The extent of injury incurred is one factor indicative of whether or not the force used was necessary in a particular situation, but if force is applied maliciously and sadistically, liability is not avoided simply because the prisoner had the good fortune to escape serious harm. *Id*.

Given the four corners of Graves' excessive force claim as set out in his Complaint and the uncontroverted record presented by Defendant, the court finds that no Eighth Amendment violation has been demonstrated. The spontaneous force applied by Iseminger was used to subdue a non-compliant, aggressive, and assaultive prisoner during an inmate mass movement.[4] The amount and type of force applied was not excessive given the aforementioned circumstances and Graves suffered minimal injuries in the form of a superficial laceration to his lip and small abrasion to his hand.[5] Graves offers no rebuttal evidence to Defendant's verified exhibits and declarations to show that he suffered serious injury from the alleged assault, that he presented complaints or made sick-call requests regarding those injuries, or that he received extensive medical care for those injuries or was denied access to same.[6]

---

[4] According to the record, at the time of the incident Graves stood 6 feet in height and weighed between 250-275 pounds.

[5] Graves may have experienced the residual effects of the pepper spray twice applied by Sergeant Dean.

[6] The court observes that Graves's relief request only seeks to file charges against Iseminger. He has no free-standing right to seek the criminal prosecution of individuals. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Sattler v. Johnson*, 857 F.2d 224, 226-27 (4th Cir. 1988). This court has no authority to file criminal charges against an individual, nor can this court direct that criminal charges be filed. The injunctive relief that Graves seeks, criminal charges, cannot be granted by this court.

## CONCLUSION

Having found no genuine dispute of material fact justifying a trial on the merits in this case, the court shall grant Defendant's dispositive filing, construed as a motion for summary judgment, by separate Order.

Date:   October 28, 2010                                /s/
                                                        DEBORAH K. CHASANOW
                                                        United States District Judge